IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| GEORGE WEEKS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DR. HURST and NP COZBY,<br><br>　　　　Defendant. | CV 20–1–H–DLC–JTJ<br><br><br>ORDER |

Before the Court is United States Magistrate Judge John T. Johnston's Findings and Recommendations regarding Defendants' motion for summary judgment. (Doc. 42.) Judge Johnston recommends that Defendants' motion (Doc. 30) should be granted. (Doc. 42 at 15.) For the reasons stated herein, the Court agrees and will adopt Judge Johnston's findings and recommendations in full.

## BACKGROUND

On January 7, 2020, Plaintiff George Weeks filed a complaint under 42 U.S.C. § 1983 alleging that while he was incarcerated at the Montana State Prison, Defendants Nurse Practitioner Jodi Cozby and Dr. Jack Hurst demonstrated deliberate indifference to his serious medical needs in violation of the Eighth Amendment by failing to adequately treat his back injury. (Doc. 2.) Defendants filed a motion for summary judgment on the grounds that neither defendant was

1

deliberately indifferent to Weeks' serious medical needs and both defendants were entitled to qualified immunity. (Doc. 30.)

Judge Johnston recommended that the Court grant Defendants' motion in full. (Doc. 42.) Specifically, Judge Johnston concluded that Cozby was entitled to summary judgment on Weeks' deliberate indifference claim because her medical records show that Weeks never told her about his fall or his back injury (*id.* at 5–6), and Dr. Hurst was entitled to summary judgment because Weeks did not show that Dr. Hurst's recommended treatment protocol of ibuprofen and stretching was "medically unacceptable" as required to show deliberate indifference (*id.* at 6–8). Judge Johnston further concluded that Cozby was entitled to qualified immunity because Weeks had not shown that she was not aware of his fall or his back pain, so she could not have known that any failure to act was unconstitutional (*id.* at 10), and Dr. Hurst was entitled to qualified immunity because Weeks had not established that Dr. Hurst would have understood that treating Weeks' fracture conservatively presented such a substantial risk of harm that Dr. Hurst's conduct was unconstitutional (*id.* at 10–11).

Weeks filed objections on October 4, 2021. (Docs. 44, 44-1.) He objected to Judge Johnston's recommendation that the Court grant summary judgment for Dr. Hurst, but he expressly stated that he did not object to Judge Johnston's recommendation that the Court grant summary judgment for Cozby and stated he

"would like to remove her from the complaint." (Doc. 44-1 at 6.) Weeks' objections focus primarily on the medical care he received after his release from prison. (*Id.* at 2–6.) He stated that at his first appointment after being released from prison, he was seen by an internal medicine doctor who ordered x-rays and allowed him to take Ibuprofen, but did not recommend stretching "because the extent of the damage was not know[n] at that time." (*Id.* at 2.) Weeks stated that he was subsequently referred to a spine specialist, and when he asked the specialist what treatment the specialist would have provided if he had been examined at the Billings Clinic in January 2019 instead of the Montana State Prison Infirmary, the specialist stated that he would have taken x-rays and an MRI, would not have recommended stretching before the extent of the damage was known, and would have stabilized any "green fracture." (*Id.* at 3–4.) Weeks stated that the specialist told him it was "possible" that movement, work, and stretching contributed to Weeks' current back injury. (*Id.* at 4.)

This matter is now ripe for review.

### STANDARD OF REVIEW

The level of scrutiny applied by this Court to a magistrate's findings and recommendations varies depending on whether a party exercises its right to object. *Thomas v. Arn*, 474 U.S. 140, 150–51 (1985). If a party objects to aspects of a magistrate's proposed findings and recommendations, then this Court must review

the objected-to portions *de novo*. 28 U.S.C. § 636(b)(1)(C). This Court's general practice is to review unobjected to portions of a magistrate's proposed findings and recommendations for clear error. *See, e.g.*, *Wallway v. Schneider*, No. CV 17-71-M-DLC-JCL, 2019 WL 95657, at *1 (D. Mont. Jan. 3, 2019). Clear error review is "significantly deferential" and exists when the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (internal quotations omitted).

A party is entitled to summary judgment if it can demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, summary judgment is warranted where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). Accordingly, only disputes over facts that might affect the outcome of the lawsuit will preclude entry of summary judgment; factual disputes that are irrelevant or unnecessary to the outcome are not considered. *Id.* at 247–48.

Summary judgment is inappropriate where the parties genuinely dispute a material fact: "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The court must view the evidence "in the light most favorable to the opposing party." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

However, a party opposing a "properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In adjudicating Defendants' motion for summary judgment, this Court is mindful of Petitioner's status as a *pro se* litigant. As such, "document[s] filed *pro se* [are] 'to be liberally construed,'" and the Court will hold them "'to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## ANALYSIS

### I. Defendant Cozby

Judge Johnston recommended that the Court grant summary judgment to Defendant Nurse Practitioner Cozby on the grounds that 1) Cozby was not deliberately indifferent to Weeks' serious medical needs, and 2) Cozby is entitled to qualified immunity. (Doc. 42 at 5–6, 10.) Because Weeks did not object to this portion of Judge Johnston's findings and recommendations—in fact, Weeks expressly agreed with Judge Johnston's recommendation and specifically requested Cozby be dismissed from this action (Doc. 44-1 at 6)—the Court reviews for clear error. The Court finds no clear error in Judge Johnston's determination

that Cozby is entitled to summary judgment on both grounds. Accordingly, the Court will grant Defendant Cozby's motion for summary judgment.

## II. Defendant Hurst

Judge Johnston recommended the Court grant summary judgment to Defendant Dr. Hurst on the grounds that 1) Dr. Hurst was not deliberately indifferent to Weeks' serious medical needs, and 2) Dr. Hurst is entitled to qualified immunity. (Doc. 42 at 6–8, 10–11.) Weeks objects to the deliberate indifference portion of Judge Johnston's findings and recommendations (Doc. 44-1 at 6), and so the Court will review the matter *de novo*. 28 U.S.C. § 636(b)(1)(C).

Weeks presented new evidence in his objections to Judge Johnston's Findings and Recommendations. (Docs. 44, 44-1.) A district court's decision to "consider evidence offered for the first time in a party's objections to a magistrate judge's proposed findings and recommendations" is discretionary. *Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004). Here, because Weeks is "a pro se plaintiff, ignorant of the law, offering crucial facts as soon as he understood what was necessary to prevent summary judgment against him[,]" the Court will consider Weeks' new evidence for the purpose of opposing Dr. Hurst's summary judgment motion despite his failure to submit these facts in the form of a declaration or affidavit. *Jones*, 393 F.3d at 935.

6

### A.  Deliberate Indifference

To state an Eighth Amendment claim based on denial of medical care in prison, a prisoner must show "deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 104.  The two-part test for deliberate indifference requires the plaintiff to show 1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain[,]" and 2) "the defendant's response to the need was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).  The second step requires the plaintiff to show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* at 1096.

Neither medical malpractice nor mere negligence "in diagnosing or treating a medical condition" is sufficient to show an Eighth Amendment violation. *Estelle*, 429 U.S. at 106.  "[A] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (internal quotation omitted).  Instead, "the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in

7

conscious disregard of an excessive risk to plaintiff's health." *Id.* (internal quotation omitted).

    As Weeks himself states in his objections to Judge Johnston's findings and recommendations, Dr. Hurst saw Weeks only once specifically for his back pain, on May 10, 2019. (Doc. 44-1 at 5.) Dr. Hurst did not recall discussing Weeks' back pain at any other appointments, and Dr. Hurst's medical records were in accord. (Doc. 32-2 at 4–8.) At a May 1, 2019, appointment with Dr. Hurst, the Montana State Prison Infirmary notes indicate Weeks was being seen for headache and back pain. (*Id.* at 6.) While Dr. Hurst did not recall discussing Weeks' back pain or reviewing Weeks' x-rays at this appointment, Nurse Practitioner Shute had already ordered x-rays and recommended a course of treatment to Weeks: ibuprofen, stretching, and exercises. (*Id.* at 5–7; Doc. 32-3 at 31–32.) Dr. Hurst attested that he would have recommended this same treatment had Weeks' back pain been discussed at the May 1 appointment. (Doc. 32-2 at 4–5, 7–8.) On May 10, the only appointment at which Dr. Hurst addressed Weeks' back pain, Dr. Hurst reviewed the x-rays showing Weeks' compression fracture, and because Dr. Hurst observed no neuromuscular deficits, he recommended that Weeks continue with NP Shute's ibuprofen prescription and demonstrated and recommended stretches and exercises for Weeks' range of motion. (Doc. 32-2 at 7–8; Doc. 32-3 at 42.) The radiology report described an "age-indeterminate" compression

fracture (Doc. 32-2 at 6–7, Doc. 32-3 at 33), and Dr. Hurst could not determine the age of the fracture and believed Weeks may have been living with it for years (Doc. 32-2 at 7–8).

As discussed above, Weeks' objections describe the treatment he received for his back injury at the Billings Clinic. (Doc. 44-1 at 2–4.) Weeks contends that his doctor stated he would have immediately ordered x-rays but would not have recommended stretching due to a lack of information about the extent of the damage. (Doc. 44-1 at 3.) He further claimed that his doctor said a green fracture would have been stabilized immediately, and "it is possible that movement, work and stretching contributed" to Weeks' injury because it was not stabilized. (Doc. 44-1 at 4.) However, even assuming the truth of these hearsay statements, the new evidence in Weeks' objections does not show that Dr. Hurst's course of treatment was medically unacceptable under the circumstances. *Hamby*, 821 F.3d at 1092. Rather, it is evidence of one specialist's recommended course of treatment for a hypothetical "green" fracture at a point in time when the extent of tissue damage is unknown—a markedly different position than the one Dr. Hurst was in, given his access to Weeks' x-rays reflecting an "age-indeterminate" compression fracture and multiple examinations reflecting no neuromuscular deficits. At most, the specialist's recommended course of treatment reflects mere difference of opinion

between medical professionals. *Id.* No reasonable jury could return a verdict in Weeks' favor on his deliberate indifference claim based on the record evidence.

As Judge Johnston stated, Dr. Hurst may have chosen a conservative course of treatment, but he did not disregard Weeks' injury. (Doc. 42 at 8.) Weeks' doctor at the Billings Clinic may well have a different opinion on the best course of treatment; however, a differing opinion does not demonstrate Dr. Hurst's course of treatment was "medically unacceptable under the circumstances" and that he "chose this course in conscious disregard of an excessive risk to" Weeks' health. *Hamby*, 821 F.3d at 1092 (internal quotations omitted). The "contrary view" of Weeks' doctor at the Billings Clinic "cannot support a claim of deliberate indifference." *Toguchi v. Chung*, 391 F.3d 1051, 1059–60 (9th Cir. 2004). As such, the Court will grant Dr. Hurst summary judgment on this claim.

### B. Qualified Immunity

Weeks does not object to Judge Johnston's conclusion that Dr. Hurst is entitled to qualified immunity. As such, the Court will review for clear error. Reviewing and finding none, Judge Johnston's recommendation is adopted for the reasons set forth in his findings and recommendations.

### CONCLUSION

IT IS ORDERED that Weeks' objections (Docs. 44, 44-1) are OVERRULED.

IT IS FURTHER ORDERED that Judge Johnston's Findings and Recommendations (Doc. 42) are ADOPTED in FULL.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (Doc. 30) is GRANTED.

The Clerk of Court is directed to enter judgment in favor of Defendants by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure and close the case file.

The Clerk of Court is further directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith because the Court finds that Weeks has presented evidence of, at most, a medical negligence claim against Defendants, which cannot suffice to state a claim for an Eighth Amendment violation as a matter of law.

DATED this 3rd day of March, 2022.

Dana L. Christensen, District Judge
United States District Court